UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MARTIN,<br><br>            Petitioner,<br><br>            v.<br><br>NEIL McDOWELL, Warden,<br><br>            Respondent. | CASE NO. CV 16-3464-ODW (FFM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, relevant pleadings, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.

The bulk of the arguments that Petitioner makes in his objections is sufficiently addressed in the magistrate judge's Report. A few of his arguments, however, warrant further discussion. First, Petitioner maintains that the magistrate judge applied *Schlup v. Delo*, 513 U.S. 298, 327, 332, 115 S. Ct. 851, 130 L. Ed.2d 808 (1995), in a way that held Petitioner to a higher standard than that required by the Supreme Court. Specifically, Petitioner complains that the magistrate judge required Petitioner to show actual innocence by presenting evidence that could not have been presented at trial,

///

rather than establishing actual innocence based merely on evidence that was not presented at trial.

This objection is not well-taken. To be sure, citing Judge Kozinski's concurring opinion in *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (*en banc*), the magistrate judge stated the following: "As explained in *Lee*, to establish actual innocence under *Schlup*, the petitioner must show not only that reliable evidence of his innocence was not presented at trial, but that it "*could not have been*, presented at trial." *Lee*, 653 F.3d at 945 (Kozinski, J., *concurring*) (*emphasis added*) (citing *Schlup*, 513 U.S. at 324-28)." (Report and Rec. at 14.) Thereafter, the magistrate judge explained that all of the evidence that Petitioner presented, save perhaps an unsworn letter from a garage door company employee, could have been, or was, presented at trial.[1] However, the magistrate judge also explained that, even if Petitioner's purported "new evidence" were considered, it did not establish actual innocence under *Schlup*. Accordingly, contrary to Petitioner's assertions, the magistrate judge did not err in its consideration of the evidence presented by Petitioner.

Second, Petitioner faults the magistrate judge for considering whether the proposed new evidence and proposed testimony was reliable and credible. According to Petitioner, the magistrate judge was required to "take all of Petitioner's allegations as true." (Objections at 6.) There is, according to Petitioner, "no room for any credibility determinations on the part of the reviewing Magistrate." (*Id.*)

Petitioner is incorrect. Indeed, as the magistrate judge noted in his Report and Recommendation, *Schlup* explicitly calls for the reviewing court to consider whether the proposed new evidence is reliable and whether any proposed testimony would be considered credible:

> Obviously, the Court is not required to test the new evidence by a standard appropriate for deciding a motion

---

[1] The magistrate judge noted that the letter from the garage door employee was not competent evidence because it was not sworn under penalty of perjury.

2

>for summary judgment.  Instead, *the court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence*.

*Schlup*, 513 U.S. at 332 (*emphasis added*) (citations omitted).  Only after considering the reliability of the proffered evidence can the reviewing court make a "probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* (citations omitted).

Third, Petitioner asserts that the magistrate judge erred in concluding that Petitioner failed to provide any evidentiary support for his allegation that the victim's phone records were altered to omit information regarding whether the given phone call was incoming or outgoing.  According to Petitioner, the victim or the prosecutor must have altered the phone records because one page of the records shows whether the given call was incoming or outgoing, whereas the other pages do not indicate the origin of the call.  But as the magistrate judge observed, there is no evidence other than Petitioner's self-serving speculation to show that the records were altered.  It appears that the first page produced by Petitioner is in a different format from the other pages.  In this regard, the pages that Petitioner claims were altered contain information (such as whether the given call was made during peak or off-peak time) that is not included in the one page that Petitioner claims was unaltered.  Whether the telephone company produced all the records in both formats or mixed the production of formats is unknown.  Petitioner has presented no evidence to demonstrate how the records happened to be in multiple formats.  However, regardless of the many possibilities explaining why different information appeared in the phone records, no evidence suggests that the records were altered by the victim or the prosecutor.

/ / /

/ / /

/ / /

In sum, none of Petitioner's objections is meritorious. The Court, therefore, accepts the findings and recommendations of the Magistrate Judge.

IT IS ORDERED that judgment be entered dismissing the Petition with prejudice.

Dated: _April 25, 2017

_____
OTIS D. WRIGHT II
United States District Judge

Presented by:


/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge